■ 18 EAST 48TH STREET CORPORATION, Respondent, v. STATE OF NEW YORK, Appellant. (Claim No. 40449.) — This is an appeal by the State of New York from a judgment of the Court of Claims in favor of the petitioner amending a certificate of incorporation *nunc pro tunc* and directing the refund of a payment.

The facts are not in dispute. The claimant, a New York corporation, was originally organized with a capitalization of 200 shares of stock. In November, 1961 the board of directors of the corporation resolved to split the corporate stock from 200 to 31,567 shares. A certificate of amendment, indicating an increase — not a stock split — in the number of shares, was prepared and duly filed with the Secretary of State, together with a payment of $1,568.35. Shortly thereafter it was discovered that the intent of the board of directors, as evidenced by its resolution, was not to increase the number of shares of stock but rather to direct a split of the original shares to the enlarged number and in which event the amount due and payable for the amended stock certificate would have been $10. Seeking to alleviate the error, not in the filing but the misunderstanding of the intent of the board of directors, this claim was instituted to recover the amount paid (less $10), the excess of the amount due had the certificate been for a stock split. The Court of Claims determined that the claimant was entitled to the amount sought and further directed " the Certificate of Amendment heretofore filed with the Department of State is deemed corrected to reflect a split of the existing 200 shares with no right to increase the capital by the issuance of 31,567 shares of new stock *nunc pro tunc.*" The State, on this appeal argues that the tax imposed was valid, the amount thereof voluntarily paid and that the Court of Claims had no jurisdiction to equitable reform the certificate of amendment. As to the merits, the facts being undisputed, the question is one of law and must be resolved in favor of the State. At the time of the filing of the amended certificate, which was in proper form and acceptable to the Secretary of State, the amount paid was in accordance with the terms of the certificate. It was in all respects a legal and valid transaction and it was thereafter that the unilateral mistake — in no way associated with the original filing — on the part of the claimant was discovered. In such circumstances there was no obligation, legal or equitable, on the part of the State to refund the tax lawfully imposed and there is no basis for reformation or other relief. This is not a situation where there was a payment of an illegal tax where the issue of protest or duress might be involved. (*Adrico Realty Corp.* v. *City of New York,* 250 N. Y. 29, 33; *Mercury Mach. Importing Corp.* v. *City of New York,* 3 N Y 2d 418, 425.) There was no jurisdiction in the Court of Claims, under the peculiar factual situation herein, to grant any relief. The payment of the amount of money involved, proper in amount, was a necessary prerequisite for the accepting and filing of a certificate of amendment as presented to the Secretary of State by the claimant. There was no authority for the court to direct a correction of the certificate, such as here, *nunc pro tunc.* Judgment reversed, on the law and the facts, and the claim dismissed, without costs. Bergan, P. J., Gibson, Herlihy and Reynolds, JJ., concur.